*(County Court of Cook County.)*

## In re Estate of James Lamble, Deceased.

(January 19, 1869.)

EXECUTORS AND ADMINISTRATORS—APPOINTMENT OF FOREIGN CONSUL AS ADMINISTRATOR—CONSUL'S PRIVILEGE—NATURE OF WAIVER. An application of a British consul to be appointed administrator of a deceased Englishman should be denied whether he applies as relative, creditor, friend or as consul; even though he agrees to waive his privilege for this, he cannot do it being in his government and not personal to himself.

Petition to be appointed administrator. Heard before Judge James B. Bradwell. The facts are stated in the opinion.

BRADWELL, J.:—

James Lamble, a British subject, died at Chicago on the 14th day of October, 1866, intestate, leaving no creditors or

relatives in the United States, but leaving some money in Chicago. On the 19th of January, 1869, T. Frederick Wilkins, acting British consul, filed his petition and prayed to be appointed administrator of the estate of the said deceased on the ground that he was a *friend* of the deceased subject, and offered to waive his right as consul to object to any process of the court or order entered against him during the settlement of the estate. This court decided, in the case of *Rosenthal v. Burrill,* that where the British consul applied to be appointed administrator on the ground of his being a consul, that he had no standing in court and ought not to be appointed. This case is the same as that of *Rosenthal v. Burrill,* with the exception that the petitioner claims it on the ground of his being a friend and offering to waive his right, etc. I am clear that it makes no difference in what capacity he applies, whether as relative, creditor, *friend* or British consul. If he is a foreign consul, and it so appears, his application should be refused.

. The privilege that the consul has to object to the process of the court is not a personal one. It belongs to the government he represents and cannot be waived by him.

The application is refused and the petition dismissed.

NOTE.—See the succeeding case.—Ed.